IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | CR. NO.  02-00225 DAE |
| | ) | |
| Plaintiff, | ) | MEMORANDUM OF LAW |
| | ) | |
| vs. | ) | |
| | ) | |
| ANDY S. S. YIP,          (01) | ) | |
| BRENDA M. O. CHUNG,  (02) | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

MEMORANDUM OF LAW

I.    INTRODUCTION

On January 29, 2007, a final pretrial conference was held pursuant to

CrimLR 17.1.1 before the Honorable Barry M. Kurren, United States Magistrate

Judge.  Appearing on behalf of the United States was Assistant United States

Attorney Leslie E. Osborne, Jr.; Howard T. Chang appeared for Defendant Yip,

and the undersigned counsel, Howard K. K. Luke, appeared on behalf of

Defendant Chung.

At the pretrial conference, the government asserted that it would not

be offering any evidence pursuant to Federal Rules of Evidence Rule 404(b).

II.    ARGUMENT

The Second Superseding Indictment (hereinafter "Indictment") in the

above-referenced case alleges that Defendants Yip and Chung entered into a

conspiracy to defraud the United States for purposes of impeding, impairing, obstructing, and defeating the lawful government functions of the Internal Revenue Service of the United States Treasury Department. The factual allegations constitute the conspiracy in count 1 of the Indictment.

The Indictment also charges Defendant Chung in counts 2 and 3 with violations of 18 U.S.C. § 1512(b)(1). Each count alleges that Defendant Chung tampered with a potential witness identified as "E.D."

The remaining counts of the Indictment pertain exclusively to allegations of criminal conduct against Defendant Yip. The sole defendant named in counts 4 through 11 is Defendant Yip. There is no allegation of any involvement or participation by Defendant Chung in the criminal conduct alleged in counts 4 through 11. There is no incorporation either directly, or by reference, of any of the criminal conduct alleged in counts 4 through 11 in the conspiracy charged in count 1 of the Indictment with conduct alleged in counts 4 through 11. Although Defendant Chung is a co-defendant of Defendant Yip in count 1 of the Indictment, she is not a defendant in counts 4 through 11 of the Indictment.

Federal Rules of Evidence Rule 403 provides that:

Although relevant, evidence may be excluded if its probative value is substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury, or by considerations of undue delay, waste of time, or needless presentation of cumulative evidence.

Federal Rules of Evidence Rule 404(b) provides:

Evidence of other crimes, wrongs, or acts is not admissible to prove the character of a person in order to show action in conformity therewith. It may, however, be admissible for other purposes, such as proof of motive, opportunity, intent, preparation, plan, knowledge, identity, or absence of mistake or action, provided that upon request by the accused, the prosecution in a criminal case shall provide reasonable notice in advance of trial, or during trial if the court excuses pretrial notice on good cause shown, of the general nature of such evidence it intends to introduce at trial.

In this case, the evidence pertaining to Defendant Yip in counts 4 through 11 of the Indictment is irrelevant and immaterial as to Defendant Chung. There is no doubt that such evidence will be extremely prejudicial to Defendant Chung, and will inure to the detriment of Defendant Chung in the trial of the above-entitled case. The offenses alleged in counts 4 through 11 is based on conduct by Defendant Yip and not by Defendant Chung. The offenses alleged in counts 4 through 11, and the conduct upon which the allegations are based, are not part of nor contained in counts 1 through 3 of the Indictment. Nor are the allegations in counts 1 through 3 made part of counts 4 through 11 of the Indictment. Thus, evidence as to counts 4 through 11 cannot help but have an overwhelmingly and impermissibly suggestive and prejudicial effect on the jury as it deliberates on the conduct of Defendant Chung alleged in counts 1 through 3 of the Indictment.

The government has already asserted that it will not seek to introduce any evidence pursuant to Federal Rules of Evidence Rule 404(b). Based on this

assertion, any introduction of evidence pursuant to counts 4 through 11 would
constitute a violation of the government's position as to Rule 404(b) evidence
affecting Defendant Chung.  Because Defendants Yip and Chung were business
partners, who were both allegedly involved in acts constituting the conspiracy
charged in count 1, the jury will be far more likely to convict Defendant Chung
based on her "guilt by association" with Defendant Yip, against whom extensive
criminal conduct is alleged in counts 4 through 11.

Federal Rules of Evidence 404(b) allows the introduction of evidence
of other crimes, wrongs or acts only if it is offered for a "proper purpose."
Huddleston v. United States, 485 U.S. 681, 108 S.Ct. 1496, 1502 (1988).  The
requirement of a "proper purpose" for the evidence prevents the introduction of
such evidence solely for the purpose of showing the character of the accused or to
suggest that (she) may have acted in conformity with the "other" bad acts.
Huddleston, 108 S.Ct. at 1500.  The alleged acts of Defendant Yip, adduced into
evidence in the same trial as the conspiracy alleged between Defendants Yip and
Chung, would only serve to unduly prejudice the jury against Defendant Chung.
The alleged incidents of false statements made by Defendant Yip and other
wrongful conduct by him throughout the protracted period described in counts 4
through 11 will undoubtedly mislead the jury into believing that Defendant Chung,
being an associate of Defendant Yip, and being charged with offenses in counts 1
through 3 involving Defendant Yip, is far more likely to be guilty of the conduct

- 4 -

alleged against her in counts 1 through 3.  Moreover, evidence as to counts 4

through 11 will greatly increase the likelihood that the jury's perception of the

evidence against Defendant Chung will be influenced largely on the basis of her

association with Defendant Yip, rather than solely on the facts of what had truly

occurred in the allegations constituting the conspiracy and witness tampering

alleged in counts 1 through 3.

As the Advisory Committee's Notice to Federal Rules of Evidence

404 states:

> Character evidence is of slight probative value and may be very
> prejudicial.  It tends to distract the trier of fact from the main question of
> what actually happened on the particular occasion.  It subtlety permits the
> trier of fact to reward the good man and to punish the bad man because of
> their respective characters despite what the evidence in the case shows
> actually happened.

In the instant trial, the likelihood that the trier of fact may be

distracted, and thus "permitted" to "punish the bad (woman)" because of her

association and involvement with Defendant Yip is more than subtle in nature.  It

is overwhelmingly clear.  The trier of fact will not simply be "permitted" to punish

Defendant Chung because of her association with Defendant Yip, but will be

strongly encouraged to do so.

Accordingly, it is respectfully requested that this Honorable Court

grant the instant motion.

DATED:    Honolulu, Hawaii, February 7, 2007.


/s/ Howard K. K. Luke
HOWARD K. K. LUKE
DAVID M. HAYAKAWA

Attorneys for Defendant
BRENDA M. O. CHUNG (02)