IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | CR. NO. |
| | ) | |
| Plaintiff, | ) | MEMORANDUM OF LAW |
| | ) | |
| vs. | ) | |
| | ) | |
| ANDY S.S. YIP,         (01) | ) | |
| BRENDA M.O. CHUNG,  (02) | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |
| _____ | ) | |

MEMORANDUM OF LAW

I.   BACKGROUND FACTS

The Second Superseding Indictment charges Defendant Andy S. S. Yip and Defendant Brenda M. O. Chung with criminal conspiracy in count 1. Counts 2 and 3 charge Defendant Chung with tampering with a witness, a violation of 18 U.S.C. §1512(b)(1). Defendant Yip is not charged in counts 2 and 3. Counts 4 through 11 charges Defendant Yip with, *inter alia*, violations of 26 U.S.C. § 7206(1) and 31 U.S.C. §§5314 and 5322(b), and makes no mention of Defendant Chung.

II.   ARGUMENT

In order to preserve a defendant's right to a fair trial, evidence and testimony must be limited to the allegations contained in the indictment. The sole

issue in this case is whether Defendant committed the alleged acts in counts 1, 2, and 3 of the Second Superseding Indictment (hereinafter "indictment"). The alleged conduct in counts 4 through 11 makes no mention of Defendant, and any evidence presented in those counts has no legal relevance to the issues in this case.

Evidence of other crimes, wrongs or acts to prove bad character of a person or to show acting in conformity with such character is inadmissible under Federal Rules of Evidence Rule 404(b). The Ninth Circuit Court makes clear that because of the inherently prejudicial effect of such evidence, its admission "is not looked upon with favor." United States v. Hodges, 770 F.2d 1475, 1479 (9th Cir. 1985). Uncharged evidence is admissible under Rule 404(b) only under limited circumstances to show motive, intent, knowledge, identity or absence of mistake or accident. See Rule 404(b). Even when requirements for admissibility are shown, the evidence may be introduced at trial only if, on balance, "its probative value is not substantially outweighed by the danger of unfair prejudice to the defendant." United States v. Hodges, 770 F.2d 1475, 1479 (9th Cir. 1985).

In the present case, the acts Defendant Chung seeks to exclude are the alleged acts of her co-defendant Andy S. S. Yip in counts 4 through 11. The introduction of evidence in counts 4 through 11 in the trial of Defendant Chung would create a significant danger that the jury will draw the impermissible inference that Defendant Chung had acted, or had the propensity to have acted, in conformity with the allegations against her co-defendant. Any probative value of

such evidence would be substantially outweighed by the danger of unfair prejudicial effect against Defendant Chung.

The Ninth Circuit has further held that when the acts of a defendant are "inextricably intertwined with a single transaction," the admission of evidence regarding those acts does not violate Rule 404(b). United States v. Williams, 989 F.2d 1061, 1070 (9th Cir. 1993). In the instant case, Defendant Chung is named solely in counts 1 through 3. None of the allegations anywhere in the indictment connects Defendant Chung with any of the conduct alleged in counts 4 through 11. Within its own charges, the government does not demonstrate how Defendant Chung is "inextricably intertwined" with the allegations in counts 4 through 11.

Finally, the Ninth Circuit has consistently emphasized that such evidence at issue may not be introduced unless the government establishes its relevance to an actual issue in the case. United States v. Hodges, 770 F.2d 1475, 1479 (9th Cir. 1985). In the instant case, the probative value of other bad acts would be either nonexistent or minimal at best, and the prejudicial effect would be overwhelming. The indictment names Defendant Chung in counts 1 through 3, proof of which would not be fairly aided by evidence adduced in counts 4 through 11, as Defendant Chung is not named in those counts and the acts alleged against Defendant Yip in those counts do not pertain to Defendant Chung. However, the introduction of evidence in counts 4 through 11 in the trial of Defendant Chung would unfairly ***enhance*** the likelihood of her being convicted of counts 1 through

3. The admission of this evidence would force Defendant Chung to defend against allegations in which she is not named or otherwise involved, and would cause the jury to be misled as to the actual allegations against her.  Moreover, evidence of these unrelated allegations would shift the burden of proof to Defendant Chung to prove her innocence by forcing her to explain her non-involvement in the conduct alleged against Defendant Yip.  At the very least, the introduction of evidence in counts 4 through 11 in the trial of Defendant Chung would mislead the jury, and would cause undue delay, a waste of the court's and the jury's time, and lead to a confusion of the issues.  Far more likely, the coerced defense against the allegations in counts 4 through 11 would urge the jury to believe that by virtue of her association with Defendant Yip, Defendant Chung is more likely to have committed the offenses in counts 1 through 3.

## III.  CONCLUSION

Accordingly, Defendant Chung respectfully requests that this Honorable Court grant her instant motion in limine to preclude evidence referenced in this motion.  None of the cited evidence has probative value as to the charges against Defendant Chung, and all of it would unfairly prejudice her as well as mislead and confuse the jury as to the charges against Defendant Chung.

- 5 -

DATED: Honolulu, Hawaii, February 7, 2007.

          /s/ Howard K. K. Luke
          HOWARD K. K. LUKE
          DAVID M. HAYAKAWA

          Attorneys for Defendant
          BRENDA M. O. CHUNG (02)