ORIGINAL

LAW OFFICE OF HOWARD K. K. LUKE
ATTORNEYS AT LAW

HOWARD K. K. LUKE         2049
DAVID M. HAYAKAWA         4522
841 Bishop Street, Suite 2022
Honolulu, Hawaii 96813
Tel.:  (808) 545-5000
Fax:   (808) 523-9137
Email: howardkkluke@hawaii.rr.com

Attorneys for Defendant
 BRENDA M. O. CHUNG (02)

FILED IN THE
UNITED STATES DISTRICT COURT
DISTRICT OF HAWAII
SEP 11 2007
at 9 o'clock and 30 min. A M.
SUE BEITIA, CLERK

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>vs.<br><br>ANDY S. S. YIP,            (01)<br>BRENDA M. O. CHUNG, (02)<br><br>Defendants. | CR. NO. 02-00225DAE(02)<br><br>SETTLED VERSION OF<br>JURY INSTRUCTIONS<br><br><br>Trial:  August 15, 2007<br>Judge:  David Alan Ezra |

SETTLED VERSION OF JURY INSTRUCTIONS

Defendant Brenda M. O. Chung (02) hereby submits the attached agreed upon revised instructions.

DATED: Honolulu, Hawaii, September 11, 2007.

_____
HOWARD K. K. LUKE
DAVID M. HAYAKAWA

Attorneys for Defendant
BRENDA M. O. CHUNG (02)

(17D) (revised)

## COURT'S INSTRUCTION NO. ___

A separate crime or offense is charged against one or more of the defendants in each count of the indictment. Each offense, and the evidence pertaining to it, should be considered separately. Also, the case of each defendant should be considered separately and individually. The fact that you may find one or more of the accused guilty or not guilty of any of the offenses charged should not control your verdict as to any other offense or any other defendant.

I caution you, members of the Jury, that you are here to determine whether either of the defendants is guilty or not guilty from the evidence in this case. The defendants are not on trial for any act or conduct or offense not alleged in their respective indictments. Neither are you called upon to return a verdict as to whether any other person or persons not on trial as a defendant in this case is guilty or not guilty.

Also, the punishment provided by law for the offense charged in the indictment is a matter exclusively within the province of the court or judge, and should never be considered by the jury in any way, in arriving at an impartial verdict as to whether either defendant is guilty or not guilty.

(Government's Proposed Jury Instruction No. 12) (revised)

## COURT'S INSTRUCTION NO. ____

In order to be found guilty of the allegations set out in Counts 2 and 3, the United States must prove beyond a reasonable doubt that:

First, the defendant knowingly and corruptly persuaded another person or attempted to do so to take action, and

Second, the defendant's acts were for the propose of influencing, delaying or preventing the testimony of that person.

CLEAN COPY

COURT'S INSTRUCTION NO. ___

A separate crime or offense is charged against one or more of the defendants in each count of the indictment. Each offense, and the evidence pertaining to it, should be considered separately. Also, the case of each defendant should be considered separately and individually. The fact that you may find one or more of the accused guilty or not guilty of any of the offenses charged should not control your verdict as to any other offense or any other defendant.

I caution you, members of the Jury, that you are here to determine whether either of the defendants is guilty or not guilty from the evidence in this case. The defendants are not on trial for any act or conduct or offense not alleged in their respective indictments. Neither are you called upon to return a verdict as to whether any other person or persons not on trial as a defendant in this case is guilty or not guilty.

Also, the punishment provided by law for the offense charged in the indictment is a matter exclusively within the province of the court or judge, and should never be considered by the jury in any way, in arriving at an impartial verdict as to whether either defendant is guilty or not guilty.

## COURT'S INSTRUCTION NO. ___

In order to be found guilty of the allegations set out in Counts 2 and 3, the United States must prove beyond a reasonable doubt that:

First, the defendant knowingly and corruptly persuaded another person or attempted to do so to take action, and

Second, the defendant's acts were for the propose of influencing, delaying or preventing the testimony of that person.