ORIGINAL

FILED IN THE
UNITED STATES DISTRICT COURT
DISTRICT OF HAWAII

SEP 11 2007

at 3 o'clock and 20 min. □ .M.
SUE BEITIA, CLERK

# IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF HAWAII

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | CR. NO. 02-00225 DAE |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | |
| | ) | |
| ANDY S.S. YIP, (01) | ) | |
| BRENDA M.O. CHUNG, (02) | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

## COURT'S JURY INSTRUCTIONS

COURT'S INSTRUCTION NO. _____

Members of the Jury:

You have now heard all of the evidence in the case and soon will hear the final arguments of the lawyers for the parties.

It becomes my duty, therefore, to instruct you on the rules of law that you must follow and apply in arriving at your decision in the case.

In any jury trial there are, in effect, two judges. I am one of the judges; the other is the jury. It is my duty to preside over the trial and to determine what testimony and evidence is relevant under the law for your consideration. It is also my duty at the end of the trial to instruct you on the law applicable to the case.

COURT'S INSTRUCTION NO. 2

You, as jurors, are the judges of the facts.  But in determining what actually happened in this case -- that is, in reaching your decision as to the facts -- it is your sworn duty to follow the law I am now in the process of defining for you.  Unless otherwise stated, you should consider each instruction to apply separately and individually to each defendant on trial.

And you must follow all of my instructions as a whole.  You have no right to disregard or give special attention to any one instruction, or to question the wisdom or correctness of any rule I may state to you.  That is, you must not substitute or follow your own notion or opinion as to what the law is or ought to be.  It is your duty to apply the law as I give it to you, regardless of the consequences.

By the same token it is also your duty to base your verdict solely upon the testimony and evidence in the case, without prejudice or sympathy.  That was the promise you made and the oath you took before being accepted by the parties as jurors in this case, and they have the right to expect nothing less.

COURT'S INSTRUCTION NO. 3

The indictment or formal charge against a defendant is not evidence of guilt. Indeed, the defendant is presumed by the law to be innocent. The law does not require a defendant to prove his or her innocence or produce any evidence at all, and no inference whatever may be drawn from the election of a defendant not to testify. The government has the burden of proving him or her guilty beyond a reasonable doubt, and if it fails to do so you must acquit him or her.

Thus, while the government's burden of proof is a strict or heavy burden, it is not necessary that the defendant's guilt be proved beyond all possible doubt. It is only required that the government's proof exclude any "reasonable doubt" concerning the defendant's guilt.

A reasonable doubt is a doubt based upon reason and common sense, and may arise from a careful and impartial consideration of all the evidence, or from lack of evidence. Proof beyond a reasonable doubt is proof that leaves you firmly convinced that the defendant is guilty.

If after a careful and impartial consideration with your fellow jurors of all the evidence, you are not convinced beyond a reasonable doubt that the defendant is guilty, it is your duty to find the defendant not guilty. On the other

hand, if after a careful and impartial consideration with your fellow jurors of all the evidence, you are convinced beyond a reasonable doubt that the defendant is guilty, it is your duty to find the defendant guilty.

COURT'S INSTRUCTION NO. 4

As stated earlier, it is your duty to determine the facts, and in so doing, you must consider only the evidence I have admitted in the case. The term "evidence" includes the sworn testimony of the witnesses and the exhibits admitted in the record.

Remember that any statements, objections or arguments made by the lawyers are not evidence in the case. The function of the lawyers is to point out those things that are most significant or most helpful to their side of the case, and in so doing, to call your attention to certain facts or inferences that might otherwise escape your notice.

In the final analysis, however, it is your own recollection and interpretation of the evidence that controls in the case. What the lawyers say is not binding upon you.

COURT'S INSTRUCTION NO. _5_

There are rules of evidence which control what can be received into evidence.  When a lawyer asks a question or offers an exhibit into evidence and a lawyer on the other side thinks that it is not permitted by the rules of evidence, that lawyer may object.  If I overrule the objection, the question may be answered or the exhibit received.  If I sustain the objection, the question cannot be answered and the exhibit cannot be received.

Whenever I sustain an objection to a question, you must not speculate as to what the answer might have been or as to the reason for the objection.  You must not consider for any purpose any offer of evidence that was rejected, or any evidence that was  stricken from the record; such matter is to be treated as though you had never known of it.

COURT'S INSTRUCTION NO. _6_

During the course of a trial I occasionally make comments to the lawyers, or ask questions of a witness, or admonish a witness concerning the manner in which he should respond to the questions of counsel. Do not assume from anything I may have said that I have any opinion concerning any of the issues in this case. Except for my instructions to you on the law, you should disregard anything I may have said during the trial in arriving at your own findings as to the facts.

COURT'S INSTRUCTION NO. ___7___

In this case, the government and the defendant have agreed, or stipulated, as to certain facts. This means that they both agree that these facts are true. You should therefore treat these facts as having been conclusively proved.

COURT'S INSTRUCTION NO. _8_

Evidence may be direct or circumstantial.  Direct evidence is direct proof of a fact, such as testimony of an eyewitness.  Circumstantial evidence is indirect evidence, that is, proof of a chain of facts from which you could find that another fact exists, even though it has not been proved directly.

So, while you should consider only the evidence in the case, you are permitted to draw such reasonable inferences from the testimony and exhibits as you feel are justified in the light of common experience.  In other words, you may make deductions and reach conclusions which reason and common sense lead you to draw from the facts which have been established by the testimony and evidence in the case.

You are to consider both direct or circumstantial evidence.  The law permits you to give equal weight to both, but it is for you to decide how much weight to give to any evidence.

COURT'S INSTRUCTION NO. _9__

Now I have said that you must consider all of the evidence.  This does not mean, however, that you must accept all of the evidence as true or accurate.

You are the sole judges of the credibility or "believability" of each witness and the weight to be given to his testimony.  In weighing the testimony of a witness, you should consider the witness' (1) relationship to the government or the defendant, (2) interest, if any, in the outcome of the case, (3) manner of testifying, (4) opportunity to observe or acquire knowledge concerning the facts about which he testified, and (5) candor, fairness and intelligence.  You should also consider the extent to which the witness has been supported or contradicted by other credible evidence.  You may, in short, accept or reject the testimony of any witness in whole or in part.

Also, the weight of the evidence is not necessarily determined by the number of witnesses testifying as to the existence or non-existence of any fact. You may find that the testimony of a smaller number of witnesses as to any fact is more credible than the testimony of a larger number of witnesses to the contrary.

COURT'S INSTRUCTION NO. _10_

A witness may be discredited or "impeached" by contradictory evidence, by a showing that the witness testified falsely concerning a material matter, or by evidence that at some other time the witness said or did something that is inconsistent with the witness' present testimony or failed to say or do something that would be consistent with the present testimony had it been said or done.

If you believe that any witness has been so impeached, then it is your exclusive province to give the testimony of that witness such credibility or weight, if any, as you may think it deserves.

COURT'S INSTRUCTION NO. _11_


You have heard evidence of the defendants' character for truthfulness, honesty, etc.  In deciding this case, you should consider that evidence together with and in the same manner as all the other evidence in the case.

COURT'S INSTRUCTION NO. _12_

You have heard testimony from <u>Eriko Dmitrovsky</u>, a witness who has stated that she was an accomplice or co-conspirator to the conspiracy charged in Count I of the Indictment.

An accomplice is one who voluntarily and intentionally joins with another person in committing a crime.

For these reasons, in evaluating <u>Eriko Dmitrovsky</u>'s testimony, you should consider the extent to which or whether <u>Eriko Dmitrovsky's</u> testimony may have been influenced by these factors. In addition, you should examine <u>Eriko Dmitrovsky's</u> testimony with greater caution than that of other witnesses.

COURT'S INSTRUCTION NO. _13_

You have heard testimony that Brenda Chung made certain statements. It is for you to decide (1) whether Brenda Chung made those statements, and (2) if so, how much weight to give to them. In making these decisions, you should consider all of the evidence about those statements, including the circumstances under which Brenda Chung may have made them.

COURT'S INSTRUCTION NO. _14_

As stated earlier, a defendant has a right not to testify.  If a defendant does testify, however, that defendant's testimony should be weighed and considered, and that defendant's credibility determined, in the same way as that of any other witness.

COURT'S INSTRUCTION NO. _15_

You will note that the indictment charges that the offense was committed "on or about" a certain date.  The proof need not establish with certainty the exact date of the alleged offense.  It is sufficient if the evidence in the case establishes beyond a reasonable doubt that the offense was committed on a date reasonably near the date alleged.

COURT'S INSTRUCTION NO. _16_

A separate crime or offense is charged against one or more of the defendants in each count of the indictment. Each offense, and the evidence pertaining to it, should be considered separately. Also, the case of each defendant should be considered separately and individually. The fact that you may find one or more of the accused guilty or not guilty of any of the offenses charged should not control your verdict as to any other offense or any other defendant.

I caution you, members of the Jury, that you are here to determine whether either of the defendants is guilty or not guilty from the evidence in this case. The defendants are not on trial for any act or conduct or offense not alleged in their respective indictments. Neither are you called upon to return a verdict as to whether any other person or persons not on trial as a defendant in this case is guilty or not guilty.

Also, the punishment provided by law for the offense charged in the indictment is a matter exclusively within the province of the court or judge, and should never be considered by the jury in any way, in arriving at an impartial verdict as whether either defendant is guilty or not guilty.

COURT'S INSTRUCTION NO. $17$

This is a criminal case brought by the United States government.  In Count 1 of the Indictment, Defendants Andy S.S. Yip and Brenda M.O. Chung have been charged with conspiracy to defraud the Untied States for the purpose of impeding, impairing, obstructing, and defeating the lawful government functions of the Internal Revenue Service (IRS) of the United States Department of Treasury in violation of 18 U.S.C. § 371.

COURT'S INSTRUCTION NO. _18_

§ 371. <u>Conspiracy to Defraud the United States</u>

Title 18, United States Code, Section 371 provides, in part, that:

"If two or more persons conspire . . . to defraud the

United States, or any agency thereof in any manner or for

any purpose, and one or more of such persons do any act

to effect the object of the conspiracy, . . ." each shall be

guilty of an offense against the United States.

COURT'S INSTRUCTION NO. _19_

The Internal Revenue Service of the Department of Treasury is an agency of the United States Government.  Its lawful functions include ascertaining, computing, assessing and collecting federal income taxes due to the Untied States.

COURT'S INSTRUCTION NO. _20_

In order to prove the defendants guilty of conspiring to defraud the United States as charged in Count One of the Indictment, the government must establish each of the following four (4) elements beyond a reasonable doubt:

(1)     The defendant knowingly and deliberately entered into an agreement or understanding with one or more persons;

(2)     The purpose of the agreement or understanding was to defraud the United States by impeding, impairing, obstructing, and defeating the lawful government functions of the Internal Revenue Service in the ascertainment, computation, assessment, and collection of revenue, namely, federal income taxes;

(3)     The means employed to accomplish the purpose of the agreement were either dishonest or deceitful; and

(4)     One of the persons involved in the agreement or understanding performed at least one overt act described in the Indictment in furtherance of the agreement or understanding, with all of you agreeing on a particular overt act that you find was committed.

I shall discuss with you briefly the law relating to each of these elements.

COURT'S INSTRUCTION NO. 21

The first element that the government must prove beyond a reasonable doubt is that each defendant knowingly and deliberately entered into an agreement or understanding with one or more persons. The word "knowingly," as that term has been used from time to time in these instructions, means that the act was done voluntarily and intentionally and not because of mistake or accident.

COURT'S INSTRUCTION NO. 22

A conspiracy is a kind of criminal partnership - an agreement of two or more persons to commit one or more crimes.  The crime of conspiracy is the agreement to do something unlawful; it does not matter whether the crime agreed upon was committed.

For a conspiracy to have existed, it is not necessary that the conspirators made a formal agreement or that they agreed on every detail of the conspiracy.  It is not enough, however, that they simply met, discussed matters of common interest, acted in similar ways, or perhaps helped one another.  You must all agree that there was a plan to commit the crime alleged in Count One of the Indictment.

One becomes a member of a conspiracy by willfully participating in the unlawful plan with the intent to advance or further some object or purpose of the conspiracy, even though the person does not have full knowledge of all the details of the conspiracy.  Furthermore, one who willfully joins an existing conspiracy is as responsible for it as the originators.  On the other hand, one who has no knowledge of a conspiracy, but happens to act in a way which furthers some

object or purpose of the conspiracy, does not thereby become a conspirator. Similarly, a person does not become a conspirator merely by associating with one or more persons who are conspirators, nor merely by knowing that a conspiracy exists.  If you find that any defendant was not a member of the charged conspiracy, then you must find that defendant not guilty, even though that defendant may have been a member of some other conspiracy.

COURT'S INSTRUCTION NO. _23_

The second element that the government must prove beyond a reasonable doubt is that the purpose of the agreement or understanding was to defraud the United States by impeding, impairing, obstructing, and defeating the lawful government functions of the Internal Revenue Service in the ascertainment, computation, assessment, and collection of revenue, namely, federal income taxes.

It is not necessary for you to find that the conspiracy actually impeded, impaired, obstructed, or defeated the lawful government functions of the Internal Revenue Service, but only that this was the purpose of the conspiracy.

COURT'S INSTRUCTION NO. 24

The third element that the government must prove beyond a reasonable doubt is that the means employed to accomplish the purpose of the agreement were either dishonest or deceitful.

COURT'S INSTRUCTION NO. _25_

The fourth element that the government must prove beyond a reasonable doubt is that one of the members of the conspiracy performed at least one overt act for the purpose of carrying out the conspiracy, with all of you agreeing on a particular overt act that you find was committed.

An overt act does not itself have to be unlawful.  A lawful act may be an element of conspiracy if it was done for the purpose of carrying out the conspiracy.  The government is not required to prove that each defendant personally committed one of the overt acts, so long as one of the members of the conspiracy performed at least one overt act for the purpose of carrying out the conspiracy.

COURT'S INSTRUCTION NO. _26_

It is not necessary that all members of the conspiracy join it at the same time, and one may become a member of a conspiracy without full knowledge of all the details of the unlawful scheme or the names, identities, or locations of all of the other members.

COURT'S INSTRUCTION NO. _27_

Each member of the conspiracy is responsible for the actions the other conspirators performed during the course and in furtherance of the conspiracy.  If one member of a conspiracy commits a crime in furtherance of a conspiracy, the other members have also, under the law, committed the crime.  Before you may consider the statements or acts of a co-conspirator, you must first determine whether the acts or statements were made during the existence of and in furtherance of an unlawful scheme, and whether any offense was one which could reasonably have been foreseen to be a necessary or natural consequence of the unlawful agreement.

COURT'S INSTRUCTION NO. _28_

The Defendant Brenda M.O. Chung is charged alone in Counts 2 and 3 of the Indictment.  Counts 2 and 3 charge a violation of 18 U.S.C. § 1512(b)(1), that statute provides that:

> If a person knowingly and corruptly did or attempted to persuade another, with the intent to influence, delay, or prevent the testimony of that person at an official proceeding, that person shall be guilty of an offense against the United States.

COURT'S INSTRUCTION NO. _29_

In order to be found guilty of the allegations set out in Counts 2 and 3, the United States must prove beyond a reasonable doubt that:

First, the defendant knowingly and corruptly persuaded another person or attempted to do so to take action, and

Second, the defendant's acts were for the purpose of influencing, delaying or preventing the testimony of that person.

COURT'S INSTRUCTION NO. 30

The Defendant Andy S.S. Yip is charged alone with filing a false tax return in violation of Section 7206(1) of Title 26 of the United States Code, for the calendar year 1999.  That statute provides:

> "Any person who willfully makes and subscribes any
> return, statement, or other document, which contains or is
> verified by a written declaration that it is made under the
> penalties of perjury, and which he does not believe to be
> true and correct as to every material matter, shall be
> guilty."

COURT'S INSTRUCTION NO. _31_

In order for the defendant to be found guilty of that charge, the government must prove each of the following elements beyond a reasonable doubt:

First, the defendant made, signed, and filed a tax return for the year set out in the indictment;

Second, the defendant knew the return contained false information as to a material matter;

Third, the return contained a written declaration that it was being signed subject to the penalties of perjury; and

Fourth, in filing the false tax return, the defendant acted willfully with the intent to violate the law.

COURT'S INSTRUCTION NO. 32

A matter is material if it had a natural tendency to influence or was capable of influencing or affecting the ability of the IRS to audit or verify the accuracy of the tax return or a related return and accompanying schedules required to be filed with the IRS.

COURT'S INSTRUCTION NO. _33_

To act willfully means to act voluntarily and deliberately with the intention to violate a known legal duty. A defendant's conduct is not willful if the defendant acted through negligence, inadvertence, or a mistake.

COURT'S INSTRUCTION NO. _34_

The term gross income for income tax purposes consists of income from whatever source derived, including but not limited to, compensation for services. The term taxable income means gross income minus any deductions allowed by law.

When a taxpayer acquires earnings, lawfully or unlawfully, without the consensual recognition of an obligation to repay and without restriction as to their disposition, he has received income which he is required to report, even though it may still be claimed that he is not entitled to retain the money and even though he may still be adjudged to restore its equivalent.

COURT'S INSTRUCTION NO. *35*

A loan is an agreement whereby one person advances money to the other and the other agrees to repay it upon such terms as to time and rate of interest, or without interest, as the parties may agree.  In classifying a loan, you must examine the transaction as a whole.  The conventional test is to ask whether, when the funds were advanced, the parties actually intended repayment.

You may consider other factors in determining whether or not the parties entered into a loan but none of them are required for you to consider a transaction to be a loan: (1) whether the promise to repay is evidenced by a note or other instrument; (2) whether interest was charged; (3) whether a fixed schedule of repayments was established; (4) whether collateral was given to secure payment; (5) whether repayments were made; (6) whether the borrower had a reasonable prospect of repaying the loan and whether the lender had sufficient funds to advance the loan; and (7) whether the parties conducted themselves as if the transaction were a loan.  The above factors are not exclusive and no single factor is dispositive, except the intention of the borrower to repay.

COURT'S INSTRUCTION NO. _36_

A loan which the parties to the loan agree is to be repaid does not constitute gross income as that term is defined by the Internal Revenue Code. However, merely denominating a transaction as a loan is not sufficient to make it such; and where there is no good faith intent on the part of the borrower to repay the funds advanced, such funds are income under the income tax laws and are taxable as such.

COURT'S INSTRUCTION NO. 37

The Defendant Andy S.S. Yip is charged alone in Counts 10 and 11 of the Indictment of violating 31 U.S.C. § 5314 for Failure to Report a Foreign Bank Account.   In order for the defendant to be found guilty of that charge, the government must prove each of the following elements beyond a reasonable doubt:

1.     The defendant was a resident or citizen of the United States.

2.     That during the year specified in each count of the indictment, the defendant had a financial interest in, and other authority over, a financial account in a foreign country during the year charged in the Indictment, which exceeded $10,000 in aggregate value.

3.     The defendant knew he had a legal obligation to file a Form TDF90-22.1, Report of Foreign Bank and Financial Accounts, on or before June 30, 1999 and June 30, 2000.

COURT'S INSTRUCTION NO. _*38*_

Any verdict must represent the considered judgment of each juror. In order to return a verdict, it is necessary that each juror agree thereto. In other words, your verdict must be unanimous.

It is your duty as jurors, to consult with one another, and to deliberate in an effort to reach agreement if you can do so without violence to individual judgment. Each of you must decide the case for yourself, but only after an impartial consideration of the evidence in the case with your fellow jurors. In the course of your deliberations, do not hesitate to re-examine your own views and change your opinion if convinced it is erroneous. But do not surrender your honest conviction as to the weight or effect of the evidence solely because of the opinion of your fellow jurors, or for the mere purpose of returning a verdict.

Remember at all times, you are not partisans. You are judges -- judges of the facts. Your sole interest is to seek the truth from the evidence in the case.

COURT'S INSTRUCTION NO. _39_

Upon retiring to the jury room you should first select one of your number to act as your foreperson who will preside over your deliberations and will be your spokesperson here in court. Forms of verdicts have been prepared for your convenience.

You will take the verdict forms to the jury room and when you have reached unanimous agreement as to your verdicts, you will have your foreperson fill them in, date and sign them, and then return to the courtroom.

If, during your deliberations, you should desire to communicate with the Court, please reduce your message or question to writing signed by the foreperson, and pass the note to the marshal who will bring it to my attention. I will then respond as promptly as possible, either in writing or by having you returned to the courtroom so that I can address you orally. I caution you, however, with regard to any message or question you might send, that you should never state or specify your numerical division at the time.