OC1 DAE

EDWARD H. KUBO, JR. #2499
United States Attorney
District of Hawaii

LESLIE E. OSBORNE, JR. #3740
Assistant U.S. Attorney
PJKK Federal Building
300 Ala Moana Boulevard, Rm. 6-100
Honolulu, Hawaii 96850
Telephone: (808) 541-2850
Facsimile: (808) 541-2958
E-mail: les.osborne@usdoj.gov

Attorneys for Plaintiff
UNITED STATES OF AMERICA

FILED IN THE
UNITED STATES DISTRICT COURT
DISTRICT OF HAWAII

OCT 18 2007

at 4 o'clock and 00 min. P M.
SUE BEITIA, CLERK

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | CR. NO. 02-00225DAE (01) |
| ) | |
| Plaintiff, ) | GOVERNMENT'S OPPOSITION |
| ) | TO DEFENDANT YIP'S MOTION |
| vs. ) | FOR JUDGMENT NOTWITHSTANDING |
| ) | THE VERDICT AS TO COUNT 1; |
| ANDY S.S. YIP,    (01) ) | MEMORANDUM OF LAW |
| BRENDA M. O. CHUNG, (02) ) | |
| ) | |
| Defendant. ) | |
| _____) | |

GOVERNMENT'S OPPOSITION TO DEFENDANT YIP'S MOTION FOR
JUDGMENT NOTWITHSTANDING THE VERDICT AS TO COUNT 1

The United States, by and through these pleadings, the record of this trial, and such argument as the Court may entertain at the hearing of this matter, opposes the Defendant's

// //

// //

// //

EXHIBIT 1

Motion for Judgment Notwithstanding the Verdict as to Count 1.

DATED:  Honolulu, Hawaii, October 17, 2007.

                Respectfully submitted,

                EDWARD H. KUBO, JR.
                United States Attorney
                District of Hawaii


             By <u>/s/ Leslie E. Osborne, Jr.</u>
                LESLIE E. OSBORNE, JR.
                Assistant U.S. Attorney

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| UNITED STATES OF AMERICA, | ) CR. NO. 02-00225DAE (01) |
|---|---|
| Plaintiff, | ) MEMORANDUM OF LAW |
| vs. | ) |
| ANDY S.S. YIP, (01)<br>BRENDA M. O. CHUNG, (02) | ) |
| Defendant. | ) |

<u>MEMORANDUM OF LAW</u>

I. <u>STATEMENT OF THE FACTS</u>

    The Defendant, ANDY S.S. YIP, was tried on the Second Superseding Indictment filed in this case on December 3, 2003. In pertinent part, that Indictment alleged a conspiracy from early 1998 that continued until July 12, 2002 in the District of Hawaii. The Indictment stated in pertinent part that the Defendants, Yip and Chung, "did unlawfully, willfully and knowingly conspire, combine, confederate and agree together and with each other, and with <u>Other Individuals, Both Known and Unknown to the Grand Jury</u>, to defraud the United States for the purpose of impeding, impairing, obstructing and defeating the lawful government functions of the Internal Revenue Service (I.R.S.) of the United States Treasury Department . . ." (Introductory Paragraph of the Indictment).

    The Indictment went on to say in paragraph 1 of the Manner and Means section that in approximately early 1998, a

person identified in the Indictment as "E.D." was solicited to falsely claim she had loaned money to the Defendant Yip. Paragraph 2 of the Manner and Means section set out that the Defendant Yip provided false promissory notes with E.D.'s name to the I.R.S.  The third paragraph of the Manner and Means section alleged that in July, 1996 Yip and the now acquitted Chung requested E.D. write a letter to the I.R.S. on behalf of Yip.

The Indictment went on to specifically set out various overt acts in furtherance of that conspiracy.  Overt Act 2 alleges that Yip provided the I.R.S. with copies of false promissory notes between himself and E.D.  Overt Act 3 alleges a meeting attended by Yip and E.D. along with Chung at which a false loan story was invented.  Overt Act 5 set out the presentment of the phoney E.D. promissory notes to the I.R.S. Overt Act 6 involved Yip's providing the Revenue Agent assigned to this case with E.D.'s card to allow the I.R.S. to contact her. Finally, Overt Act 7 specifically alleged that on August 25, 1998 the Defendant Yip provided a ledger to the I.R.S. identifying specific deposit to his personal bank accounts and his wife's accounts as loans from E.D., which E.D. confirmed to the I.R.S. agent.

II.   STATEMENT OF THE LAW

The so-called rule of consistency upon which the Defendant relies simply does not apply where the Indictment

2

refers to unindicted or unnamed persons as conspirators and the government presents "substantial evidence that the Defendant conspired with those persons." United States v. Wright, 742 F.2d 1215, 1224 (9th Circuit 1984); United States v. Valles-Valencia, 11 F.2d 1232, 1239 (9th Circuit 1987), modified 823 F.2d 381 (1987). See also, United States v. Romero, 282 F.3d 683 (9th Cir. 2002).

In this case, as the jury found, the evidence of the Defendant Yip's having conspired with E.D. beyond a reasonable doubt. The evidence shows that Yip and Chung and an unknown individual met with E.D. at the Halekaulani Hotel to discuss E.D.'s agreeing to allow Yip to present promissory notes to the I.R.S. justifying various deposits to his accounts as loans. The testimony of E.D. made it clear that she agreed to allow Yip to say she had loaned him $350,000. E.D. met with a representative of the I.R.S. and asserted she had in fact made such loans to the Defendant Yip. That conduct, coupled with the fact that the Indictment points out that Yip conspired with Chung and Others supports the conviction. Finally, it should be noted that the Defendant introduced evidence on cross-examination that Yip presented E.D. an expensive piece of jewelry after she agreed to help him.

It is clear in the Ninth Circuit that inconsistent verdicts as to two or more defendants need not be set aside.

Harris v. Rivera, 454 U.S. 339, 345, 102 S.Ct. 460, 464, United States v. Dotterweich, 320 U.S. 277, 279, 64 S.Ct. 134, 135 (1943).

The Ninth Circuit has announced an exception to the so-called Lubin and Patterson rule set out in United States v. Patterson, 678 F.2d 774, 781 (9th Cir.), cert. denied, 459 U.S. 911 (1982) and Lubin v. United States, 313 F.2d 419, 423 (9th Cir. 1963).  In cases where the indictment refers to unindicted or unknown persons as conspirators, acquittal is not required if the government shows by substantial evidence, as it did in this case, that the defendant conspired with those persons.  United States v. Gardner, 475 F.2d 1273, 1277 (9th Cir.), cert. denied, 414 U.S. 835 (1973), United States v. Wright, 742 F.2d 1215 (9th Cir. 1984).  See also, United States v. Sang Meister, 685 F.2d 1124 (9th Cir. 1982).  A conspiracy conviction may be predicated upon circumstantial evidence.  (Gardner, supra, at p. 1277).

III. CONCLUSION

For the foregoing reasons, the jury's verdict convicting Andy S.S. Yip of conspiracy, Count 1 of the Indictment, must be affirmed.

// //

// //

// //

// //

4

DATED: Honolulu, Hawaii, October 17, 2007.

Respectfully submitted,

EDWARD H. KUBO, JR.
United States Attorney
District of Hawaii

By /s/ Leslie E. Osborne, Jr.
　　LESLIE E. OSBORNE, JR.
　　Assistant U.S. Attorney