IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | CR. NO. 02-00225 (01) DAE |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | |
| | ) | |
| ANDY S.S. YIP, (01) | ) | |
| BRENDA M.O. CHUNG (02), | ) | |
| | ) | |
| Defendants. | ) | |
| _____ | ) | |

ORDER DENYING DEFENDANT YIP'S MOTION
FOR JUDGMENT NOTWITHSTANDING VERDICT AS TO COUNT 1

On November 13, 2007, the Court heard Defendant Yip's Motion (Doc. # 288). Leslie Osborne, Assistant U.S. Attorney, appeared at the hearing on behalf of Plaintiff; Howard T. Chang, Esq., appeared at the hearing on behalf of Defendant Yip. After reviewing the motion and the supporting and opposing memoranda, the Court DENIES Defendant Yip's Motion.

BACKGROUND

Defendant Yip was charged with the following counts: (1) conspiracy to defraud the United States for the purpose of obstructing the Internal Revenue Service ("IRS") in the ascertainment, computation and collection of federal income taxes during an audit of Yip's 1995 and 1996 joint Federal Income tax returns, in

violation of 18 U.S.C. § 371; (2) willfully making and subscribing a false income tax return for the calendar year 1999, in violation of 26 U.S.C. § 7206(1); and (3) and (4) willfully failing to file reports of foreign bank accounts, in violation of 31 U.S.C. §§ 5314 and 5322(b), and 31 C.F.R. §§ 103.24 and 103.27(c) and (d). Brenda Chung was also charged with conspiracy to defraud the United States, and two other counts.

        Defendant Yip was charged with other counts of falsifying his tax returns in earlier years, to which he pled guilty on August 13, 2007. On September 14, 2007, the jury returned its verdict finding Defendant Yip guilty as to all Counts. However, the jury found codefendant Brenda Chung not guilty of all the counts with which she was charged, including the conspiracy count.

        On September 21, 2007, Defendant Yip filed a motion for judgment notwithstanding the verdict as to Count 1, the conspiracy charge. Defendant argues that the Government failed to show that Yip entered into an agreement with any coconspirator to commit the conspiracy. The Government filed its opposition on October 18, 2007, and a supplement thereto on October 26, 2007. Defendant Yip filed a reply on November 6, 2007.

## STANDARD OF REVIEW

Defendant brought this motion as a post-trial motion for judgment of acquittal, pursuant to Federal Rule of Criminal Procedure 29(c). In determining this type of motion, the court must "view the evidence, which was before the jury when it returned the verdict of guilty, in a light most favorable to the Government and determine whether there was relevant evidence from which the jury could reasonably find the [defendant] guilty beyond a reasonable doubt." United States v. Brandon, 633 F.2d 773, 780 (9th Cir. 1980); United States v. Alarcon-Simi, 300 F.3d 1172, 1176 (9th Cir. 2002) ("the relevant question is whether, after viewing the evidence in the light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt.") (citation and internal quotation marks omitted). The court must not "concern itself with determining the credibility of witnesses or the resolution of evidentiary conflict, as those are exclusive function[s] of the jury." United States v. Rojas, 554 F.2d 938, 943 (9th Cir. 1977.) However, the court "may not disregard inferences that the jury could draw from the evidence[.]" Brandon, 633 F.2d at 780.

## DISCUSSION

Defendant argues that because Brenda Chung was acquitted of the conspiracy charge and because the Government allegedly did not present

substantial evidence that he entered into an agreement with Eriko Dmitrovsky or any other unindicted coconspirator, his motion must be granted.

> The general rule is that inconsistent verdicts may stand, even when a conviction is rationally incompatible with an acquittal. An exception to that rule is that acquittal of all but one of the alleged conspirators requires acquittal of the remaining defendant. However, if an indictment refers to unknown persons as coconspirators and the government supplies evidence to support a charge that the defendant conspired with the unknown persons, a conspiracy conviction will stand even if all other named defendants are acquitted.

United States v. Patterson, 678 F.2d 774, 781 (9th Cir. 1982) (citations omitted); Rogers v. United States, 340 U.S. 367, 375 (1951) (although at least two persons are required to constitute a conspiracy, "one person can be convicted of conspiring with persons whose names are unknown." ).

In addition, "[i]t is well established that a person may be convicted of conspiring with a co-defendant even when the jury acquits that co-defendant of conspiracy." United States v. Ching Tang Lo, 447 F.3d 1212, 1226 (9th Cir. 2006). This is because "inconsistent verdicts can just as easily be the result of jury lenity as a determination of the facts. Thus, the acquittal of all conspirators but one does not necessarily indicate that the jury found no agreement to act." United

States v. Valles-Valencia, 823 F.2d 381, 382 (9th Cir. 1987) modifying 811 F.2d 1232 (9th Cir. 1987).

In Ching Tang Lo, the defendant argued that because the jury acquitted his coconspirator of the conspiracy count, the court could not rely on evidence of an agreement between him and the acquitted defendant to find sufficient evidence that he committed conspiracy. 447 F.3d at 1226. The Ninth Circuit disagreed and upheld the conviction of conspiracy for the defendant even though the only possible coconspirator had been acquitted.

Similarly, in Valles-Valencia, the Ninth Circuit affirmed a conviction for conspiracy even where the evidence that the convicted conspirator conspired with someone other than the acquitted codefendants was insufficient to uphold the verdict. 823 F.2d at 382. The Ninth Circuit affirmed the conspiracy conviction based on an agreement between the convicted defendant and his acquitted codefendants. Id.; see also United States v. Hughes Aircraft Co., 20 F.3d 974, 977-78 (9th Cir. 1994) (affirming conspiracy conviction where "indispensable co-conspirator" was acquitted of conspiracy on identical evidence); United States v. Ayers, 924 F.2d 1468, 1483 (9th Cir. 1991) (affirming conspiracy conviction and concluding that "the acquittal of all conspirators but one does not necessarily indicate that the jury found no agreement" with the acquitted coconspirators).

In order to prove the elements of Count 1, the Government must establish that Yip (1) knowingly and deliberately entered into an agreement or understanding with one or more persons, (2) the purpose of which was to defraud the IRS in its ascertainment of income taxes, (3) the means used to accomplish the purpose of the agreement were either dishonest or deceitful, and (4) one of the persons involved in the agreement or understanding performed at least one overt act in furtherance of the agreement.  United States v. Montgomery, 384 F.3d 1050, 1062 (9th Cir. 2004).  "The agreement need not be explicit."  Id.  "Participation in a criminal conspiracy need not be proved by direct evidence; a common purpose and plan may be inferred from a 'development and collocation of circumstances'."  Brandon, 633 F.2d at 780 (quoting Glasser v. United States, 315 U.S. 60, 80 (1942)).

Here, the Indictment alleges that Yip conspired with Brenda Chung and "with other individuals, both known and unknown" and references E.D., for Eriko Dmitrovsky.  (Second Superseding Indictment at 2.)  Eriko Dmitrovsky testified that she met with Yip, Brenda Chung, and one other gentleman at the Halekulani Hotel.  During that meeting, they discussed a letter that Dmitrovsky would write to the IRS on Yip's behalf stating that she had loaned Yip several hundred thousand dollars, even though no such loan was made.  Dmitrovsky stated

that she agreed to write this letter because Yip was Brenda's boyfriend and Brenda had been such a good friend to her. Dmitrovsky testified that she did in fact send such letter to the IRS, dated July 26, 1998, even though she never actually loaned Yip the money. Dmitrovsky further testified that although she only knew Yip through Brenda, in 1998, Yip gave her an 18-Karat gold ballerina black pearl ring with marquis diamonds.

        This evidence is certainly substantial, and sufficient for the jury to reasonably infer beyond a reasonable doubt that Yip agreed with Dmitrovsky and/or Chung to obstruct the IRS in its investigation into his tax returns. The evidence establishes that Yip met with Dmitrovsky and Chung, and was aware of and agreed to Dmitrovsky writing a letter on his behalf to the IRS claiming that she had loaned him several hundred thousand dollars. The fact that Brenda Chung may have discussed the details of the letter with Dmitrovsky and that Yip did not view the actual letter and approve its form prior to it being sent does not discredit the evidence discussed above. Furthermore, the fact that Chung was acquitted does not mean that the jury found that no such meeting at the Halekulani occurred, as argued by Yip. Indeed, Yip has not denied attending the meeting at Halekulani, denied agreeing to Dmitrovsky writing a letter on his behalf, or that Dmitrovsky

7

actually wrote such a letter.  In addition, it is clear that Dmitrovsky took an overt act in furtherance of the conspiracy by actually writing and sending the letter.

Yip appears to argue that his case in similar to <u>Patterson</u>, where the court found that the evidence did not support a conspiracy with unknown conspirators.  Yip is mistaken.  In the <u>Patterson</u> case, the only evidence of a conspiracy with unknown persons was that the "defendant had told McKay that he had a friend working at a truck line or forklift business who would steal the forklifts and bring them to him."  678 F.2d at 781.  The court found that such evidence, even with "proof that defendant knowingly received stolen property, was not sufficient to support a reasonable inference that defendant had engaged in a conspiracy to transport stolen motor vehicles in interstate commerce with an unknown person."  <u>Id.</u>  Here, however, the jury received undisputed testimony that Yip met with a known person, Dmitrovsky, and agreed to having her write a letter to the IRS making false statements on his behalf, and she in fact wrote such letter.

Likewise, the <u>United States v. Gardner</u>, 475 F.2d 1273, 1278 (9th Cir. 1973) case referred to by Yip is distinguishable from the facts here.  In that case, the evidence was insufficient to show even the existence of an unknown conspirator.  <u>Id.</u>  Here, however, the other conspirator was known, identified in the indictment, and testified at the trial.

Accordingly, viewing the evidence presented to the jury in the light most favorable to the Government, this Court finds that the combination of circumstances and timing of events, and the reasonable inferences to be drawn, are sufficient to support the verdict of guilty. A reasonable jury could have concluded that Yip worked in concert with Chung and/or Dmitrovsky to defraud the IRS by providing a letter in which false statements were made that Dmitrovsky loaned him several hundred thousand dollars.

## CONCLUSION

For the reasons stated above, the Court DENIES Defendant Yip's Motion.

IT IS SO ORDERED.

DATED: Honolulu, Hawaii, November 13, 2007.



_____
David Alan Ezra
United States District Judge

United States v. Yip, et al., CR No. 02-00225 (01) DAE; ORDER DENYING
DEFENDANT YIP'S MOTION FOR JUDGMENT NOTWITHSTANDING
VERDICT AS TO COUNT 1